IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-02455-RPM

REBECCA M. MONDRAGON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant

_____

ORDER AFFIRMING DECISION
_____

On January 19, 2001, an Administrative Law Judge ("ALJ") issued a favorable decision on Rebecca Mondragon's application for disability insurance benefits under the Social Security Act, finding that she has been disabled since November 15, 1997. Ms. Mondragon had filed an earlier application on September 10, 1996, claiming disability beginning on March 1, 1996. That application was denied by the decision of a different ALJ and that decision was still under review in judicial proceedings when the second application was filed on March 21, 2000, alleging disablity since November 15, 1997, the day after the ALJ denied her first application. As a result of a remand order, the 1996 application was the subject of a second ALJ hearing, resulting in a decision that denied disability during the period between February 29, 1996, to November 15, 1997.

The Appeals Council on June 14, 2006, found that the applicant has the severe impairments of carpal tunnel syndrome, fibromyalgia and osteoarthritis and supported

the ALJ's finding of disability since November 15, 1997. The Appeals Council then remanded the first application to an ALJ with this instruction:

> Comply with the order of remand by the United States District Court for the District of Colorado, dated May 20, 2005. In so doing, give further consideration to the entire case record, including the record developed in connection with the claimant's subsequent application for disability insurance benefits, filed March 21, 2000. The hearing decision should reflect consideration of what impact, if any, the subsequent record may have upon the issue of disability prior to November 15, 1997.

(R. 651)

A third ALJ convened a hearing on August 9, 2007, pursuant to that order. The claimant appeared with her attorney. No new evidence was submitted. Counsel for Ms. Mondragon urged the ALJ to review the restrictions of work in the reports from treating physicians Dr. George Schwender, M.D. And Dr. G. Thomas Morgan, M.D., particularly Dr. Morgan, a physiatrist who had done trigger point injections for pain. R. 825-827 and R. 223. The ALJ also took limited testimony from a vocational expert. Counsel did not ask any questions of that witness. The ALJ issued a written decision on September 24, 2007. R. 602-615. She denied disability at any time on or before November 15, 1997. It is that decision that is now reviewed under 42 U.S.C. § 405(g), the Appeals Council having denied review.

The ALJ found that Ms. Mondragon's severe impairments were "chronic myofascial pain with chronic neck pain, and a C6-7 disc herniation without radiculopathy. R. 605. The plaintiff contends that because these findings are different from the findings of the Appeals Council, the ALJ exceeded her authority. The Commissioner denies that the ALJ was required to accept the same impairments listed

by the Appeals Council, observing that its findings were affirming the decision finding disability beginning on November 15, 1997.  Additionally, the ALJ gave an extended explanation of her evaluation of the medical records, including those that supported the disability decision made by an ALJ in January, 2001.

The essence of the denial decision now under review is that the ALJ found that the plaintiff's subjective complaints of pain at the prior hearings and in describing her symptoms to her treating physicians were not credible in light of the objective diagnostic tests performed before November, 1997.  The ALJ further found that the tests and medical records of treatments after that date were not sufficient to support findings of the same impairments at an earlier time.

The ALJ's credibility determination is different from the Appeals Council finding that Ms. Mondragon's subjective complaints are credible as they relate to the period beginning November 15, 1997.  R. 650.  It is difficult for this Court to reconcile these findings.  The Appeals Council apparently did not have any difficulty with doing so in denying the claimant's request for review, making the ALJ's decision final.

Given the limited authority of this court granted by section 405(g), the decision must be affirmed as supported by substantial evidence and without legal error. Accordingly, it is

ORDERED that the decision is affirmed.

Dated: May 19th, 2009

> BY THE COURT:
>
> s/Richard P. Matsch
> _____
> Richard P. Matsch, Senior District Judge